[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15934
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 16, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00289-CR-01-TCB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE VERA-LOPEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 16, 2010)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Jose Vera-Lopez appeals his 24-month sentence imposed following his guilty plea to illegal reentry into the United States following deportation, 8 U.S.C. § 1326(a). Vera-Lopez argues his sentence is substantively unreasonable in light of the 18 U.S.C. § 3553(a) factors because it is greater than necessary to serve the goals of sentencing. After review, we affirm Vera-Lopez's sentence.[1]

The party challenging the sentence has the burden of showing it is unreasonable in light of the record and the § 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). We "recognize that there is a range of reasonable sentences from which the district court may choose," and we ordinarily expect a sentence within the defendant's advisory guideline range to be reasonable. *Id.* "We will defer to the district court's judgment regarding the weight given to the § 3553(a) factors unless the district court has made a clear error of judgment." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (quotation omitted), *cert. denied*, 129 S. Ct. 2848 (2009).

In this case, Vera-Lopez's sentence was substantively reasonable. Given Vera-Lopez's history of immigration violations, the sentence reflects Vera-Lopez's history and characteristics, promotes respect for the law, and deters Vera-Lopez from committing additional immigration offenses. The sentence also deters others

---

[1] We review a sentence imposed by a district court for reasonableness, using an abuse-of-discretion standard. *United States v. Livesay*, 587 F.3d 1274, 1278 (11th Cir. 2009).

from committing the crime of illegal reentry.  Finally, Vera-Lopez's sentence is within his guideline range, which we ordinarily expect to be reasonable, and is substantially below the ten-year statutory maximum sentence.  Because the district court did not abuse its discretion in sentencing Vera-Lopez to a term of 24 months' imprisonment, we affirm.

**AFFIRMED.**